THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:02CR75-ALM-CAN |
| | § | |
| MICHAEL BRADLEY MILLS, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 5, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by John Teakell. The Government was represented by Heather Rattan.

On November 17, 2003, Defendant was sentenced by the Honorable United States District Judge Leonard Davis in the Eastern District of Texas to one hundred eighty-eight (188) months of imprisonment followed by a five (5) year term of supervised release for a violation of Title 21, United States Code, Section 846, Conspiracy to Manufacture, Distribute or Possess with Intent to Manufacture, Distribute or Dispense 3,4 Methylenedioxymethamphetamine ("Ecstacy"), Methamphetamine, and Cocaine. On December 24, 2012, Defendant completed his period of imprisonment and began service of his term of supervised release. On June 23, 2015, this case was reassigned to the Honorable Judge Amos L. Mazzant, U.S. District Judge for the Eastern District of Texas.

On September 22, 2015, the U.S. Probation Officer executed a Petition for Offender Under Supervision [Dkt. 228 Sealed]. The Petition asserted that Defendant violated four (4) conditions as follows: (1) The Defendant shall not commit another federal, state, or local crime; (2) The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (3) The defendant shall not unlawfully possess a controlled substance and shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (4) The Defendant shall not commit another federal, state or local crime.

The Petition alleges that Defendant committed the following acts enumerated in four paragraphs as follows: (1) Michael Bradley Mills violated this condition on June 14, 2015; June 21, 2015; and June 22, 2015, as evidenced by behavior outlined below which meet the elements of Stalking, in violation of Texas Penal Code § 42.072 (a)(1)(A), a third degree felony; Harassment, in violation of Texas Penal Code §42.07(a)(1),(3), and (7), a class B misdemeanor; and Terroristic Threat in violation of Texas Penal Code § 22.07 (a)(1) and (2), a class A misdemeanor. On or about June 22, 2015, Senior U.S. Probation Officer Bradley D. Holmes, (Senior USPO Holmes) was contacted by Mr. Mills' estranged, common law spouse, Jennifer Owens (Owens) advising that she was in fear for her safety, the safety of her children, and the safety of her Mother because Mills has been sending threatening text messages to her cell phone and to the cell phone of her friend, Rino Yamaguchi. Ms. Owens forwarded multiple "screen shots" to Senior USPO Holmes via email and via text message. Ms. Yamaguchi also sent Senior USPO "screen shots" from her phone, and confirmed that one of the screen shots forwarded to Senior USPO Holmes from Owens was originally forwarded to Owens from Ms. Yamaguchi.

The reported behavior began on June 14, 2015. (2) On June 16, 2015, Senior USPO Holmes instructed Mr. Mills to not have any physical contact with Jennifer Owens. Mr. Mills was instructed that any telephone contact should be for the purpose of arranging visitation and custody matters with their daughter, and that Mr. Mills needed to coordinate any drop-off and pick-up meetings with his Mother. On June 22, 2015, Ms. Owens provided Senior USPO Holmes with text messages that indicate that Mr. Mills was attempting to have physical contact with Ms. Owens. Owens reports that after Mills sent threatening text messages to her and her friend, Rino Yamaguchi attempting to force Owens to meet with him, she observed Mr. Mills in the parking lot of her employer. Carrolton Police were contacted; however, Mills left the scene before they could make contact with him. (3) On March 27, 2015, Mr. Michael Bradley Mills admitted both verbally and in writing to Senior USPO Holmes that he used marijuana, an illegal controlled substance, on or about March 25, 2015; and (4) Michael Bradley Mills violated this condition by committing the offense of Obstruction of Justice, beginning in June 2015, and continuously thereafter up to and including September 9, 2015, in the Eastern District of Texas and elsewhere, he attempted to obstruct, influence, or impede an official proceeding In Cause NO. 4:02CR75-1, United States v. Michael Bradley Mills, in the United States District Court for the Eastern District of Texas, in violation of Title 18 U.S.C. §1512. According to recordings and transcripts of telephone calls made by Mr. Mills to Jennifer Owens from the Denton County Jail on or about June 26, 2015, Mr. Mills coerced, asked, and directly instructed Ms. Owens to tell the Court that she fabricated the text messages that were forwarded to Senior USPO Holmes, and to delete the threatening text messages from her cell phone.

Prior to the Government putting on its case, Defendant entered a plea of true to all allegations, with the exception of the stalking allegation contained in the first enumerated

paragraph. In light of the plea of true to the allegations as set forth above, the Government agrees to dismiss the pending Indictment against Defendant supporting the allegation of Obstruction of Justice and the parties further agree in light of such dismissal to an upward departure on the terms of imprisonment. Having considered the Petition and the plea of true to all enumerated allegations (except the stalking allegation contained in paragraph one (1)), the Court finds that Defendant did violate his conditions of supervised release. The Court recommends that his supervised release be revoked.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirty (30) months with no term of supervised released to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Ft. Worth FCI, if available.

**SIGNED this 5th day of November, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE